O, JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA ELENA GIRON VALLADARES,<br><br>            Plaintiff,<br><br>     v.<br><br>SANDRA ZACKY, et al.,<br><br>            Defendants. | Case No.: 2:22-cv-00342-MEMF-JC<br><br>**ORDER GRANTING JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL OF LAWSUIT [ECF NO. 27]** |

    Before the Court is the Joint Motion for Approval of Settlement Agreement and Dismissal of Lawsuit filed by Plaintiff Maria Elena Giron Valladares and Defendants Sandra Zacky, Brent Zacky, and Hayden Zacky. ECF No. 27. For the reasons stated herein, the Court hereby GRANTS the Motion.

/ / /

/ / /

1

**I.     Background**

  **A.  Factual Background[1]**

In or about 1993, Plaintiff Maria Elena Giron Valladares ("Valladares") was hired by Mathew Zacky and began working exclusively for him as a nanny and housekeeper. FAC ¶ 9. In 2001, Valladares's services were no longer required, and her employment with Mathew Zacky ended. *Id.* Thereafter, Defendant Sandra Zacky, Mathew Zacky's mother, retained Valladares's services as a housekeeper for herself and her other sons, Defendants Brent Zacky and Hayden Zacky.[2] *Id.* During the course of her employment with the Initial Defendants, Valladares worked in multiple households owned by the Initial Defendants, including those of Brent Zacky and Hayden Zacky. *Id.* Sandra Zacky was primarily responsible for setting Valladares's schedule, deciding when and where she would work, and the precise nature of the work to be done. *Id.* Valladares was paid by Sandra Zacky and her husband Ronald Zacky for the duration of her employment. *Id.*

Valladares's duties included: (1) housekeeping tasks—such as washing, folding, and ironing laundry; dusting, sweeping, and mopping; washing dishes; and organizing the residence; and (2) caregiving tasks for Sandra and Ronald Zacky. *Id.* ¶ 10. The position was nonexempt from wage and hour laws; however, Valladares's paystubs did not indicate an hourly rate, the amount of hours worked, a fixed salary per time period, or withholding. *Id.* ¶ 11. Rather, Valladares was paid fluctuating amounts twice per month, with no indication as to what the amounts are for. *Id.* By 2017, Valladares's duties evolved to more of an emphasis on caregiving for Sandra and Ronald Zacky, such that she stayed with both of them at their assisted living facility so as to be readily available to them. *Id.* ¶ 12.

In or about the spring of 2020, Valladares was furloughed for several months following the outbreak of COVID-19. *Id.* ¶ 13. She returned to work in the summer of 2020. *Id.* In or about August 2020, Sandra Zacky suffered a series of strokes and was no longer able to make substantive decisions for herself. *Id.* In or about September 2020, Ronald Zacky passed away. *Id.* Subsequently,

---

[1] Unless otherwise indicated, the following factual background is derived from the First Amended Complaint. ECF No. 1-6, ("First Amended Complaint" or "FAC").
[2] Collectively, Defendants Sandra, Brent, and Hayden Zacky will be referred to as the "Initial Defendants."

Brent and Hayden Zacky were granted power of attorney over Sandra Zacky and assumed managerial roles over Valladares. *Id.* Valladares continued to be employed by the Initial Defendants and worked primarily as a caregiver for Sandra Zacky. *Id.* Brent and Hayden Zacky exercised control over Valladares's wages, hours, and working conditions. *Id.* In or around September 2020, Brent and Hayden Zacky adjusted Valladares's monthly salary pay to a $15 hourly pay. *Id.* In or around January 2021, Valladares contracted COVID-19. *Id.* ¶ 14. As a result of her diagnosis, she was subsequently suspended, and later terminated on or about April 21, 2021. *Id.*

### B. Procedural History

On July 12, 2021, Valladares filed a complaint against the Initial Defendants in Los Angeles Superior Court. *See generally* ECF No. 1-2. On December 28, 2021, Valladares filed a First Amended Complaint, alleging eight causes of action: (1) wrongful termination in violation of public policy; (2) failure to pay minimum wage in violation of Cal. Lab. Code § 1194 and Wage Order No. 15; (3) failure to pay overtime wages in violation of Cal. Lab. Code §§ 510, 1194, 29 U.S.C. § 207, and Wage Order No. 15; (4) violation of Equal Pay Act in violation of Cal. Lab. Code § 1197.5; (5) failure to provide meal and rest periods in violation of Cal. Lab. Code § 512 and 8 C.C.R. § 11150(12)(A); (6) failure to pay timely wages in violation of Cal. Lab. Code § 204; (7) waiting time penalties, Cal. Lab. Code § 203; and (8) unlawful business practices in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200. *See generally* FAC. On January 17, 2022, the case was removed to federal court on the basis of federal question jurisdiction in light of the allegation in the Third Cause of Action that the Initial Defendants had violated 29 U.S.C. § 207.[3] ECF No. 1.

On November 28, 2022, the parties filed the instant Joint Motion for Approval of Settlement Agreement and Dismissal of Lawsuit. ECF No. 27 ("Motion" or "Mot."). On January 3, 2023, the parties filed a copy of their Settlement Agreement. ECF No. 33 ("Proposed Settlement"). The Court found the Motion appropriate for decision without oral argument and on March 6, 2023, issued an order taking it under submission. ECF No. 35. That day, the Court also issued a Minute Order

---

[3] The Initial Defendants have requested that the Court exercise supplemental jurisdiction over all remaining state law claims. ECF No. 1 ¶¶ 11–16.

requesting that the parties submit declarations supporting assertions in the Motion.[4] ECF No. 36. On March 10, 2023, Counsel for Valladares—Matthew Bechtel—submitted a declaration in support of the Motion. ECF No. 37 ("Bechtel Decl.").

## II. Applicable Law

The settlement of an FLSA claim must either be supervised by the Secretary of Labor or approved by a district court. *Dashiell v. County of Riverside*, No. EDCV 15-00211 JGB (SPx), 2018 WL 3629915, at *2 (C.D. Cal. July 19, 2018). Because the Ninth Circuit has not established its own criteria for district courts to consider, district courts in this circuit rely on the Eleventh Circuit standard. *Id.* ("The Ninth Circuit has not established criteria for district courts to consider in determining whether a FLSA settlement should be approved . . . . district courts in this circuit have relied on the standard adopted by the Eleventh Circuit."). The Eleventh Circuit requires that a settlement be fair and reasonable. *See Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Lab., Emp. Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1355 (11th Cir. 1982).

When reviewing private settlement agreements, the court must make sure the agreement is "not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, 895 F.3d 597, 617 (9th Cir. 2018) (citing *Officers for Justice v. Civil Service Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982)). The Ninth Circuit has set forth a series of balancing factors to determine whether a settlement is reasonable and adequate:

> (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement.

---

[4] The order requested the parties to submit declarations in support of the following assertions: "the [P]arties engaged in extensive discovery"; "the [P]arties engaged in . . . continued negotiations over the course of months"; and Plaintiff's counsel has "significant experience in wage and hour litigation." ECF No. 36.

*Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004). "This list is not exclusive and different factors may predominate in different factual contexts." *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1376 (9th Cir. 1993).

### III. Discussion

The parties contend that the Court should approve of their proposed settlement because it is fair and reasonable.[5]

#### A. The uncertainty surrounding the strength of Valladares's claims weighs in favor of approving the settlement.

First, the Court considers the strength of Valladares's claims. Both parties concede that there was "uncertainty" regarding Valladares's recovery. Mot. at 7. The parties disputed whether there was any liability under the FLSA or California law. *Id.* The Initial Defendants strongly disputed Valladares's arguments that she was wrongfully terminated, paid unequally, or denied wages under California or federal law. *Id.* Moreover, the Court notes that a dispute exists as to whether Mathew Zacky, the Initial Defendants' relative, should be liable for some or all of Valladares's claims. In light of this uncertainty, the Court finds that this factor weighs in favor of approving the settlement.

#### B. The risk, expense, complexity, and likely duration of further litigation weigh in favor of approving the settlement.

It is clear that both parties believe they have strong claims—or, in the case of the Initial Defendants, third-party claims—on the merits. Moreover, each of the claims before the Court are "vigorously disputed," and an appeal by the losing party, should the case go to trial, is not out of the question. As a result, the Court finds that the risk, expense, complexity, and likely duration of further litigation involved with this case weighs in favor of approval. *See Churchill Vill.*, 361 F.3d at 576 (concluding that the district court appropriately weighed this factor when it "knew that [defendants]

---

[5] Because the settlement evaluation factors are non-exclusive, *see Torrisi*, 8 F.3d at 1376, discussion of those factors not relevant to this case has been omitted. In particular, there are currently no class claims in this litigation. Moreover, there is no government participant. As a result, the risk of maintaining class action status throughout the trial, the reaction of class members to the proposed settlement, and the presence of a governmental participant are not relevant to the Court's analysis.

5

believed it had a strong case on the merits, was aware that [plaintiffs'] claims were vigorously disputed, and knew that an appeal by the losing party was likely.").

### C. The amount offered in settlement weighs in favor of approving the settlement.

Next, the Court considers whether the amount offered in the settlement (the "Settlement Sum") is fair and adequate. In determining whether a settlement is adequate, the Ninth Circuit has suggested that courts compare the settlement amount to the parties' "estimates of the maximum amount of damages recoverable in a successful litigation." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000). "[A] cash settlement amounting to only a fraction of the potential recovery does not per se render the settlement inadequate or unfair." *Officers for Justice*, 688 F.2d 615, 628 (9th Cir. 1982).

According to the FAC, Valladares sought damages of up to $2,161,725.50. FAC at Prayer. In contrast, the Settlement Sum is $515,000. *See* Proposed Settlement § 2. As a result, the actual settlement constitutes approximately 24% of the total amount requested.

The parties allege that the Settlement Sum is reasonable and that the settlement agreement bestows substantial benefits to Valladares. Mot. at 7. The Court finds a settlement based on this percentage to be reasonable in light of the uncertainties involved in this litigation. *See In re Mego*, 213 F.3d at 459 (concluding that a settlement amount roughly one-sixth of potential recovery is fair and adequate "given the difficulties" in proving that case). As a result, this factor weighs in favor of approving the settlement.

### D. The extent of discovery completed and the stage of the proceedings weigh in favor of approving the settlement.

The Court next considers whether the extent of the discovery completed and the stage of the proceedings weigh in favor of approving the settlement agreement. So long as the parties have "sufficient information to make an informed decision about settlement," this factor will weigh in favor of approval. *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1239 (9th Cir. 1998); *see also In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (explaining that a combination of investigation, discovery, and research may suggest that the parties "had sufficient information to make an informed decision" about the settlement).

In a sworn declaration, Valladares's attorney attests to the discovery process between the parties. *See* Bechtel Decl.. In December 2021, Valladares served Requests for Admission, Requests for Production of Documents, and Form Interrogatories to each Initial Defendant, although the case was removed prior to responses being provided. *Id.* ¶ 3. Prior to removal, the Initial Defendants served subpoenas to third-parties for time-record entries and other relevant documents. *Id.* ¶ 6. On or around February 1, 2022, Brent Zacky served Special Interrogatories, Requests for Admissions, and Requests for Production on Valladares, who responded in April 2022. *Id.* ¶ 4. The parties exchanged disclosures on February 24, 2022, and produced over 300 pages of relevant documentation. *Id.* ¶ 5. The parties never engaged in oral discovery but had discussions and negotiations about depositions. *Id.* ¶ 7. This included exchanging information from Sandra Zacky's doctors regarding her lack of competency to testify (and thereby avoiding motions for a protective order on the issue), as well as evidence of Valladares's hours worked (based on text messages, pay checks, witness testimony, etc.). *Id.* As a result of the extensive discovery alleged by the parties, the Court finds that this favor weighs in favor of approving the settlement.

Moreover, settlement discussions had been ongoing since August 2021 while the parties simultaneously engaged in active litigation. *Id.* ¶ 8. The parties had exchanged at least five different iterations of agreements before the settlement agreement was finalized in November 2022. *Id.* As a result, the Court finds that the stage of the proceedings also weighs in favor of approving the settlement.

### E. The experience and views of counsel weigh in favor of approving the settlement.

Lastly, the Court considers the experience and views of counsel. "Parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation." *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 967 (9th Cir. 2009) (citing *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995)).[6]

---

[6] *See also Larsen v. Trader Joe's Co.*, No. 11-cv-05188-WHO, 2014 WL 3404531, at *5 (N.D. Cal. Jul. 11, 2014) ("The opinions of counsel should be given considerable weight [when determining whether a settlement is fair and reasonable] both because of counsel's familiarity with th[e] litigation and previous experience with cases."); *Bellinghausen v. Tractor Supply Co.*, 305 F.R.D. 245, 257 (N.D. Cal. Mar. 20,

Here, the parties contend that at all times Valladares has been adequately represented by counsel with significant experience in wage and hour litigation. In his declaration, Bechtel states that he has handled employment-related litigation since 2009 and currently handles wage and hour claims and wrongful termination work for both plaintiff and defendant sides. Bechtel Decl. ¶ 2. He has been involved in at least eighty litigated or arbitrated matters regarding wage and hour claims in addition to at least one hundred claims that resolved prior to litigation. *Id.* Moreover, there is nothing in the record that calls into question the experience of counsel or raises doubt about counsel's judgment. As a result, the Court finds that this factor weighs in favor of approval.

### IV. Conclusion

For the foregoing reasons, the Court hereby ORDERS that the Motion is GRANTED and this action is DISMISSED with prejudice.

IT IS SO ORDERED.

Dated: March 13, 2022

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge

---

2015) ("Given counsel's experience in [wage and hour litigation], his assertion that the settlement is fair, adequate, and reasonable support [sic] final approval of the settlement.").